UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:15-cv-05446-CAS(AGRx) | Date | September 14, 2015 |
|---|---|---|---|
| Title | CITIBANK , N.A., AS V. ERICA COWART, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - CITIBANK'S MOTION TO REMAND (Filed July 28, 2015)[7]

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of September 14, 2015, was vacated, and the matter was taken under submission.

## I.     INTRODUCTION AND BACKGROUND

On May 6, 2015, plaintiff CitiBank, N.A. ("plaintiff") filed an unlawful detainer action in the Los Angeles County Superior Court against *pro se* defendant Erica Cowart ("defendant"). Dkt. 1. On July 7, 2015, defendant filed a notice of removal to this court on the basis of federal question jurisdiction. Id.

In a separately filed declaration, defendant contends that federal questions exist in this action regarding violations by plaintiff of the Fair Debt Collection Practices Act ("FDCPA"), Truth in Lending Act ("TILA"), and Real Estate Settlement Procedures Act ("RESPA"). Dkt. 6, at 3. It appears from her declaration that defendant intends to file counterclaims against plaintiff for violations of these statutes, although no counterclaims have formally been filed in this action.

On July 28, 2015, plaintiff filed a motion to remand this case to state court. Dkt. 7. Defendant did not file an opposition to plaintiff's motion. Plaintiff's motion is presently before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:15-cv-05446-CAS(AGRx) | Date | September 14, 2015 |
|---|---|---|---|
| Title | CITIBANK , N.A., AS V. ERICA COWART, ET AL. | | |

## II. ANALYSIS

As an initial matter, defendant has not timely filed an opposition to plaintiff's motion to remand. Pursuant to Local Rule 7-12, the failure to file an opposition may be deemed consent to the granting of the motion.[1]

Furthermore, the Court lacks subject matter jurisdiction. Whether a case arises under federal law is generally determined by the well-pleaded complaint rule. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011) (citations omitted). In addition, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See Dkt. 1. Even if defendant were to assert counterclaims against plaintiff, she cannot create federal subject matter jurisdiction by adding claims or asserting defenses under the United States Constitution or other federal laws. See McAtee, 479 F.3d at 1145. Accordingly, the Court lacks subject matter jurisdiction based on a federal question and must remand. Suarez, 2011 U.S. Dist. LEXIS 82300, at *6.

Finally, defendant's notice of removal was not timely filed. Pursuant to 28 U.S.C. § 1446(b), the defendant must file a notice of removal within 30 days after being served with a complaint alleging a basis for removal. If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223,

---

[1] On September 14, 2015 defendant filed an opposition to plaintiff's motion to remand. Nonetheless, the opposition does not alter the Court's views.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:15-cv-05446-CAS(AGRx) | Date | September 14, 2015 |
|---|---|---|---|
| Title | CITIBANK , N.A., AS V. ERICA COWART, ET AL. | | |

1226 (C.D. Cal. 2000). This action was commenced on May 6, 2015, and defendant filed an answer on May 15, 2015. Mot. to Remand, at 8. However, defendant's notice of removal was not filed until July 17, 2015, more than 30 days later. See Dkt. 1.

In accordance with the foregoing, this case is hereby REMANDED to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |